**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KEVIN COIT,** | : | |
| **Plaintiff** | : | **No. 1:23-cv-01124** |
| | : | |
| **v.** | : | **(Judge Kane)** |
| | : | |
| **L. MALICHAIK, et al.,** | : | |
| **Defendants** | : | |

**MEMORANDUM**

Plaintiff Kevin Coit ("Plaintiff"), an experienced litigant before this Court, is a state prisoner in the custody of the Pennsylvania Department of Corrections ("DOC"). He has brought the above-captioned action pursuant to the provisions of 42 U.S.C. § 1983 ("Section 1983") (Doc. No. 1), and he is currently proceeding on an amended complaint (Doc. No. 11). In accordance with the Prison Litigation Reform Act,[1] the Court has conducted an initial review of the amended complaint. For the reasons set forth below, the Court will dismiss the amended complaint, but without prejudice to Plaintiff filing an amended pleading.

**I.      BACKGROUND**

On July 6, 2023, Plaintiff filed his Section 1983 complaint, asserting that numerous violations of his constitutional rights occured while he was incarcerated at State Correctional Institution Rockview in Bellefonte, Pennsylvania ("SCI Rockview"). (Doc. No. 1.) The following day, a Thirty (30)-Day Administrative Order was issued, directing Plaintiff to either pay the requisite filing fee or file a motion seeking leave to proceed in forma pauperis. (Doc. No. 4.) In accordance with the Court's Order, Plaintiff filed a motion seeking leave to proceed in

_____

[1]  See The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (Apr. 26, 1996).

forma pauperis (Doc. No. 5), as well as his certified prisoner trust fund account statement (Doc. No. 6).  Shortly thereafter, he filed a motion to amend his complaint.  (Doc. No. 7.)  On August 1, 2023, the Court granted Plaintiff in forma pauperis status, deemed his complaint filed, and granted his motion to amend his complaint.  (Doc. No. 8.)

Plaintiff has since filed his amended complaint (Doc. No. 11), along with another motion for leave to proceed in forma pauperis (Doc. No. 15).[2]  Plaintiff's amended complaint is sixty-eight (68) pages long, contains over three-hundred and seventy (two) handwritten paragraphs, and appears to include at least fifteen (15) separate counts.  (Doc. No. 11.)  In addition, Plaintiff's amended complaint alleges various violations of his First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights, all of which are alleged to have occurred at SCI Rockview during a seven (7)-month period between February and August of 2023.  (Id.)  These alleged violations concern, inter alia, retaliation, unreasonable searches, the excessive use of force, the failure to protect, the solicitation of suicide, the unconstitutional conditions of confinement, the denial of medical care and mental health treatment, as well as the denial of due process, equal protection, and free speech.  (Id.)  Named as Defendants are twenty-one (21) individuals, consisting of various officials and staff who work at SCI Rockview, as well as other DOC officials.  (Id.)

Because Plaintiff has been granted in forma pauperis status, his amended complaint is before the Court for an initial review in accordance with 28 U.S.C. § 1915.

---

[2]  The Court, having previously granted Plaintiff leave to proceed in forma pauperis, will deny his pending motion as moot.  (Doc. No. 15.)

## II.      LEGAL STANDARD

Under 28 U.S.C. § 1915A, federal district courts must "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  See 28 U.S.C. § 1915A(a).  If a complaint fails to state a claim upon which relief may be granted, the Court must dismiss the complaint.  See id. § 1915A(b)(1). District courts have a similar screening obligation with respect to actions filed by prisoners proceeding in forma pauperis and prisoners challenging prison conditions.  See id. § 1915(e)(2)(B)(ii) (stating that "the [C]ourt shall dismiss the case at any time if the [C]ourt determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted . . . "); 42 U.S.C. § 1997e(c)(1) (providing that "[t]he [C]ourt shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility if the [C]ourt is satisfied that the action . . . fails to state a claim upon which relief can be granted").

In dismissing claims under §§ 1915(e), 1915A, and 1997e, district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).  To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

When evaluating the plausibility of a complaint, the Court accepts as true all factual allegations and all reasonable inferences that can be drawn from those allegations, viewed in the light most favorable to the plaintiff.  See id. at 679; In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010).  However, the Court must not accept legal conclusions as true, and "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007).

Based on this standard, the United States Court of Appeals for the Third Circuit has identified the following steps that a district court must take when reviewing a Rule 12(b)(6) motion: (1) identify the elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief."  See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).  In addition, in the specific context of pro se prisoner litigation, a district court must be mindful that a document filed pro se is "to be liberally construed."  See Estelle v. Gamble, 429 U.S. 97, 106 (1976).  A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers."  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks omitted) (quoting Estelle, 429 U.S. at 106).

## III.    DISCUSSION

Rule 8 of the Federal Rules of Civil Procedure sets forth the general rules of pleading. See Fed. R. Civ. P. 8.  Rule 8(a) requires a pleading to contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  See Fed. R. Civ. P. 8(a)(2).  Although there is no single appropriate length for stating a particular claim, see Garrett

4

v. Wexford Health, 938 F.3d 69, 93 (3d Cir. 2019), a statement of the claim must be "short" in order to avoid placing "an unjustified burden" on the court and the adverse party who must respond to it.  See Folk v. Bureau of Prisons, No. 21-1543, 2021 WL 3521143, at *3 (3d Cir. Aug. 11, 2021) (unpublished) (stating that neither the court nor an adverse party should be "forced to select the relevant material from a mass of verbiage" (citation and internal quotation marks omitted)).  In addition, a statement of the claim must be "plain" in order to give the adverse party fair notice of the claim "so as to enable him to answer and prepare for trial[.]"  See id. (citation and internal quotation marks omitted).  Indeed, a principle function of the federal pleading rules is to give the adverse party "'notice of what the . . . claim is and the grounds upon which it rests.'"  See Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 555).  And, relatedly, Rule 8(d)(1) requires that "[e]ach allegation . . . be simple, concise, and direct."  See Fed. R. Civ. P. 8(d)(1).  Thus, "[t]aken together, Rules 8(a) and 8([d])(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules."  See In re Westinghouse Sec. Litig., 90 F.3d 696, 702 (3d Cir. 1996) (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1217 at 169 (2d ed. 1990)).

Here, Plaintiff's amended complaint fails to satisfy the requirement of Rule 8(a)(2) that it set forth a "short and plain statement of the claim[,]" as well as the requirement of Rule 8(d)(1) that "[e]ach allegation . . . be simple, concise, and direct."  See Fed. R. Civ. P. 8(a)(2), (d)(1). As discussed above, Plaintiff's amended complaint is sixty-eight (68) pages long, contains over three-hundred and seventy-two (372) handwritten paragraphs, and includes at least fifteen (15) separate counts.  (Doc. No. 11.)  The Court finds that his amended complaint is needlessly long and verbose, constituting a significant departure from the spirit and letter of Rule 8.  See Glover v. F.D.I.C., 698 F.3d 139, 147 (3d Cir. 2012) (explaining that "Rule 8(a) requires that a

complaint be presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search of the nature of the plaintiff's claim" (citation and internal quotation marks omitted)); see also Washington v. Salamon, No. 21-cv-01746, 2023 WL 2352243, at *2 (M.D. Pa. Mar. 3, 2023) (finding that "48 single-spaced, handwritten pages[,]" containing "at least 218 paragraphs[,]" was "anything but 'short' and 'concise'" and that, therefore, the plaintiff's proposed amended complaint violated Rule 8(a) and Rule 8(d)(1)).

Additionally, Plaintiff's amended compliant combines both relevant and irrelevant factual allegations, imposing an "unjustified burden" on the Court and Defendants—if served—to ferret out each claim, as well as the relevant factual allegations underlying each claim.  See Folk, 2021 WL 3521143, at *3.  This burden is only made greater by the fact that Plaintiff's three-hundred and seventy-two (372) paragraphs in his amended complaint span at least a seven (7)-month period of time and concern countless accusations and events allegedly occurring during that period time.  See, e.g., Adderly v. Stofko, 646 F. App'x 138, 141 (3d Cir. 2016) (unpublished) (observing that the plaintiff's complaint was "rife with irrelevant facts[,]" such that the court and the adverse party would have great difficulty in discerning the nature of the plaintiff's claim, and thus concluding that the court did not err in dismissing the complaint, as drafted, since it did not comply with Rule 8(a)(2) and Rule (8)(d)(1)).

Accordingly, while the Court is mindful of Plaintiff's status as a pro se litigant and the long-standing principle that his pro se pleading, "however inartfully pleaded," will be held to "less stringent standards than formal pleadings drafted by lawyers[,]" see Haines v. Kerner, 404 U.S. 519, 520 (1972), the Court is equally mindful that his pro se status does not excuse his non-compliance with the Federal Rules of Civil Procedure.  See McNeil v. United States, 508 U.S.

6

106, 113 (1993) (providing that procedural rules in civil litigation should not be interpreted so as to excuse mistakes by those who proceed without counsel (footnote omitted)).

Thus, for all of these reasons, the Court concludes that Plaintiff's amended complaint is subject to dismissal for failure to satisfy Rule 8 of the Federal Rules of Civil Procedure.  See Garrett, 938 F.3d at 93 (discussing Rule 8 and explaining that "a district court acts within its discretion when it dismisses an excessively prolix and overlong complaint . . ."); Jackson v. Secretary Pa. Dept. of Corrections, 438 F. App'x 74, 75 (3d Cir. 2011) (unpublished) (concluding that the district court did not abuse its discretion in dismissing plaintiff's amended complaint where, among other deficiencies, the allegations were not "simple, concise, and direct" as required by Rule 8).

However, the Court will afford Plaintiff leave to amend his pleading in order to remedy the deficiencies discussed above.  The Court specifically instructs Plaintiff that his third amended complaint shall:

1.    Be a stand-alone document, complete in itself and without reference to his complaint, amended complaint, or any other document previously filed;

2.    Set forth his claim(s) in short, plain, direct, and concise statements and in numbered paragraphs;

3.    Refrain from including irrelevant factual allegations, as well as day-by-day recitation of incidents and events, and—instead—shall focus on including relevant factual allegations;

4.    Name proper defendants and specify the offending actions taken by each defendant.  Plaintiff is cautioned that, if he attempts to join multiple defendants in his third amended complaint, he must comply with 20(a)(2) of the Federal Rules of Civil Procedure.

## IV.    CONCLUSION

Accordingly, for the foregoing reasons, the Court will dismiss Plaintiff's amended complaint. (Doc. No. 11.)  The Court will, however, grant Plaintiff leave to file a third amended complaint so that he can remedy the deficiencies discussed above.  An appropriate Order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania